■ In the Matter of BABY GIRL N. MILAGROS S. et al., Appellants; LEEANDERS H., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of LEEANDERS H., Petitioner, v CHRISTINE N., Respondent. (Proceeding No. 2.) [996 NYS2d 367]—

In an adoption proceeding pursuant to Domestic Relations Law article 7 (proceeding No. 1), and a related custody proceeding pursuant to Family Court Act article 6 (proceeding No. 2), Milagros S. and Jose S. appeal from an order of the Family Court, Suffolk County (Whelan, J.), dated September 30, 2013, which, after a hearing, determined that Leeanders H.'s consent

to the adoption of the subject child was required, and, in effect, denied their petition in proceeding No. 1, dismissed that proceeding, and awarded Leeanders H. temporary custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The appellants are the petitioners in an adoption proceeding pursuant to Domestic Relations Law article 7. They were the prospective adoptive parents of the subject child, who was placed for adoption by the unwed birth mother upon the child's birth. The appellants contend that the unwed birth father's consent to the adoption was not required. Following a hearing, the Family Court determined that the unwed birth father's consent was necessary, and, in effect, denied their adoption petition and dismissed that proceeding.

There is no basis to disturb the Family Court's determination that the unwed birth father was a person whose consent was required in order for the child to be adopted. The Family Court found that during the six-month period prior to the subject child's placement with the appellants upon her birth, the unwed birth father promptly asserted his interest in the child, manifested his ability and willingness to assume custody of the child, and provided financial and moral support to the birth mother (*see Matter of Raquel Marie X.*, 76 NY2d 387 [1990]; *Matter of Kiran Chandini S.*, 166 AD2d 599 [1990]). Contrary to the appellants' contention, these findings have a sound and substantial basis in the record. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.